THOMAS BURKE V. J. D. BROWN ET AL.

FILED NOVEMBER 18, 1896.   No. 6904.

Rulings on Evidence: ASSIGNMENTS OF ERROR: REVIEW. Where no complaint is made in the motion for a new trial as to the ruling of the court in admitting or excluding evidence, either specifically or in the language of the statute, namely, "Error of law occurring at the trial" (Code, sec. 314), this court will not review an assignment in a petition in error that the district court erred in admitting or excluding certain evidence on the trial.

ERROR from the district court of Blaine county. Tried below before HARRISON, J.

*J. Warren Gardiner* and *A. S. Moon*, for plaintiff in error.

*Sullivan & Gutterson* and *E. H. Rigg, contra.*

RAGAN, C.

Thomas Burke brought this suit in the district court of Blaine county against J. D. and F. E. Brown. There was a verdict and judgment for the defendants and Burke prosecutes here a petition in error. The action was based upon a promissory note made by the Browns to one Northup, which Brown alleged he had purchased before due for a valuable consideration. The defense was a material alteration of the note after its delivery, in this: That the note when delivered did not provide for

interest, but that subsequently the payee had inserted in the note, "Interest at ten per cent from date."

1. The first argument in the brief is that the court erred in excluding certain evidence offered by the plaintiff in error. The petition in error is that "the court erred in excluding testimony material to the issue." This assignment is too indefinite for review. In addition to this it is to be remarked that the plaintiff in error, in his motion for a new trial, makes only three complaints, namely, that the verdict is contrary to law, not sustained by sufficient evidence, and that the court erred in giving certain instructions. It seems almost superfluous to remark, in view of the repeated decisions of this court, that it is not necessary in a motion for a new trial to assign specifically that the court erred in admitting or excluding certain evidence, but in that motion it is sufficient to use the language of the statute, viz., for "Error of law occurring at the trial" (Code, sec. 314); and under such an assignment in a motion for a new trial the plaintiff in error here may review the action of the court in admitting or excluding evidence by specifically assigning in his petition in error what particular evidence the court admitted or excluded, but where no complaint is made in the motion for a new trial as to the ruling of the court in admitting or excluding evidence, either specifically or in the language of the statute, then this court will not review an assignment of error in a petition in error directed to the action of the court in admitting or excluding evidence on the trial.

2. A second assignment is that the court erred in giving instruction No. 6. On looking into the record we discover that the plaintiff in error took no exception to the action of the court in giving this instruction, and we cannot therefore review this assignment.

3. The third assignment is that the verdict is not supported by sufficient evidence. We think it is. The judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.